DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| SHARON ANTHONY-NARCISSE and EBONY P. SERRANO, <br>     Plaintiffs, <br><br> v. <br><br> RUSHDI ZUHDI SALEM, ELVIS GAMMON FRANK, MAHDI ABDULLAH, DARRELL V. CALLWOOD, SR., SALEM Z. SALEM, and RUSHDI ZUHDI, <br>     Defendants. | Case No. 3:19-cv-047 <br><br> ACTION FOR DAMAGES <br><br> JURY TRIAL DEMANDED |

## ORDER

**THIS MATTER** comes before the Court *sua sponte*. Plaintiffs Sharon Anthony-Narcisse ("Anthony-Narcisse") and Ebony P. Serrano ("Serrano") filed their initial complaint on July 1, 2019 against the above-captioned defendants. (ECF No. 1.) Proof of service was never filed. On January 22, 2020, the Court ordered plaintiff to either file proof of service on defendants or show cause by February 3, 2020, why this action should not be dismissed for lack of timely service. (ECF No. 14.) The Court further indicated that failure to comply could result in dismissal of the action. *Id.* On February 10, 2020, the Court once more directed plaintiff to effectuate service of process and file proof of the same. (ECF No. 19.) This time, the Court gave plaintiff until March 15, 2020, to comply and again noted that plaintiff's failure to do so could result in dismissal of the case. *Id.*

On April 27, 2020, Defendant Rushdi Zuhdi Salem filed a Second Motion to Dismiss for Failure to Serve due to Plaintiffs' failure to serve defendants by March 15, 2020. (ECF No. 30.)[1]

On May 13, 2020, the Court held a show cause hearing and orally ordered Plaintiffs to file proof of service on the defendants no later than June 15, 2020, cautioning that failure to, again, provide proof of service may result in dismissal. Plaintiffs have again failed to file

---

[1] Defendant Rushdi Salem filed his initial motion to dismiss on August 14, 2019, due to insufficiency of service of process. (ECF No. 12.)

proof of service. Instead, Anthony-Narcisse filed what appears to be a motion for voluntary dismissal (ECF No. 38), albeit one that fails to comply with the requirements for such a motion articulated in Fed. R. Civ. P. 41(a)(1)(A). To date, Plaintiffs have yet to serve defendants with process.

Rule 4(m) of the Federal Rules of Civil Procedure provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, Plaintiffs have failed to file proof of service in the nearly fourteen months that have passed since filing and have shown no good cause for this failure despite receiving repeated notices from the Court. This matter will therefore be dismissed without prejudice for failure to effect timely service under Fed. R. Civ. P. 4(m).

Accordingly, it is hereby

**ORDERED** that Defendant Rushdi Zuhdi Salem's motions to dismiss at ECF No. 20 and ECF No. 30, are **GRANTED;**

**ORDERED** that all other pending motions are **DENIED** as moot; it is further

**ORDERED** that the complaint filed in this matter is **DISMISSED WITHOUT PREJUDICE** for failure to effectuate service of process**;** it is further

**ORDERED** that this case is **CLOSED.**

Dated: August 31, 2020                              */s/ Robert A. Molloy*
                                                    **ROBERT A. MOLLOY**
                                                    **District Judge**